IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE VELEZ,<br><br>**Plaintiff(s)**<br><br>v.<br><br>THERMO KING DE PUERTO RICO, INC.,<br><br>**Defendant(s)** | **CIVIL NO.** 03-2307 (JAG) |

**MEMORANDUM AND ORDER**

On October 15, 2004, defendant moved for summary judgment on plaintiff's Age Discrimination in Employment Act ("ADEA") claims (Docket Nos. 24, 29). On December 21, 2004, plaintiff opposed (Docket Nos. 41-43). On January 21, 2005, the Court referred the motion to Magistrate-Judge Aida Delgado for a Report and Recommendation (Docket No. 53). On August 29, 2005, the Magistrate-Judge recommended that the Court grant defendant's motion for summary judgment (Docket No. 79). On September 23, 2005, plaintiff filed objections to the Report and Recommendation (Docket No. 84). For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation in its entirety and, accordingly, **GRANTS** defendant's motion for summary judgment.

Fed.R.Civ.P. 72(b) allows a party to file specific, written objections to a Magistrate Judge's Report and Recommendations. Similarly, Local Rule 72(d) states that "the written objection . .

Civil No. 03-2307 (JAG)                                              2

. shall specifically identify the portion of the proposed . . . recommendation or report to which an objection is made and the basis for such objections." The objections entered, however, are not to be regarded as a second opportunity to present the arguments already considered by the Magistrate-Judge. In <u>Sackell v. Heckler</u>, 104 F.R.D. 401 (D.R.I. 1984), the Court established that,

> [i]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [Federal Rules of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

<u>Id.</u> at 402-403.

Upon review of the objections filed by the plaintiff, the Court finds that they merely echo the arguments already raised in his opposition to summary judgment. Velez's objections exhibit a lack of understanding that this Court will not seriously consider a filing in which a party simply reiterates the arguments that the Magistrate-Judge previously considered and rejected.

Plaintiff has, therefore, failed to comply with the procedural requirements of Fed.R.Civ.P. 72(b) and Local Rule 72(d). Thus, the Court will not consider the Defendant's objections and will not perform a <u>de</u> <u>novo</u> review of portions of the Report and Recommendation objected to. <u>Castro-Rivera v. Citibank</u>, 195 F.Supp.2d 363, 365 (D.P.R. 2002)(finding that the Court need not

Civil No. 03-2307 (JAG)                                              3

seriously consider an objecting party's filing where it simply restates the arguments that the Magistrate-Judge previously considered).

The Court's review of the record finds no clear error of law or fact in Magistrate-Judge Delgado's Report and Recommendation and, accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety.  Plaintiff's ADEA claims are dismissed **with prejudice**. Supplemental state law claims are dismissed **without prejudice**. Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of September 2005.


                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge