IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE VELEZ,

**Plaintiff**

v.

CIVIL NO. 03-2307 (JAG)

THERMO KING DE PUERTO RICO, INC.

**Defendant**

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court are Thermo King de Puerto Rico, Inc.'s Motion for Judgment as a Matter of Law (Docket No. 168) and Motion for New Trial and/or *Remittitur* Pursuant to Rule 59 of the FRCP (Docket No. 169). For the reasons set forth below, both motions are hereby **DENIED.**

PROCEDURAL BACKGROUND

On December 8, 2003, José Vélez ("Plaintiff") filed a complaint against Thermo King of Puerto Rico, Inc. ("Thermo King"), his former employer. Plaintiff alleged that he was terminated from his employment in violation of the Age

Civil No. 03-2307 (JAG)                                                2

Discrimination in Employment Act, 29 U.S.C. § 612 *et seq.*
("ADEA"), Puerto Rico Act No. 80 of May 30, 1976, P.R. Laws Ann.
tit. 29, §§ 185a *et seq.* (2011) ("Law 80") and Puerto Rico Act
No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq.*
(2011) ("Law 100").  On October 15, 2004, Thermo King moved for
summary judgment. (Docket Nos. 24, 29).  Plaintiff opposed.
(Docket Nos. 41-43).  The Court referred the motion to a
Magistrate Judge for a Report and Recommendation. (Docket No.
53).  On August 29, 2005, the Magistrate Judge recommended that
the Court grant Thermo King's Motion for Summary Judgment.
(Docket No. 79). On September 23, 2005, Plaintiff filed
Objections to the Report and Recommendation. (Docket No. 84).
Upon review of Plaintiff's objections, the Court found that he
had reiterated the arguments that the Magistrate Judge
previously considered and rejected, and had thus failed to
comply with the procedural requirements of Fed.R.Civ.P. 72(b)
and Local Rule 72(d).  Accordingly, the Court did not consider
Plaintiff's objections nor did it perform a *de novo* review of
the Report and Recommendation.  The Report and Recommendation
was adopted and judgment dismissing Plaintiff's claims was
entered on September 29, 2005. (Docket Nos. 85 and 86).

Plaintiff appealed. The First Circuit found that
Plaintiff's objections were sufficiently detailed to pass muster

Civil No. 03-2307 (JAG)                                              3

under the rules and that this Court erred in failing to perform the required *de novo* review. Accordingly, the Court of Appeals vacated this Court's judgment and remanded the matter for *de novo* review. (Docket No. 92). Upon performing *de novo* review, the Court adopted the Magistrate Judge's Report and Recommendation.

Once again Plaintiff appealed. The First Circuit vacated the judgment and remanded for further proceedings consistent with its decision. Trial was held beginning on March 22, 2010 and continued until March 29, 2010. The jury returned a verdict in favor of Plaintiff. It found that Plaintiff would not have been terminated but for his age, that Thermo King willfully violated federal law by terminating him, that he was terminated because of his age in violation of Puerto Rico Law 100, that he is entitled to $200,000 as compensation for emotional damages and that he was wrongfully terminated without just cause pursuant to Puerto Rico Law 80. (Docket No. 161). Judgment was entered to that effect. (Docket No. 162).

Thermo King timely filed the Motion for Judgment as a Matter of Law before the Court. (Docket No. 168). It alleges that absolutely no evidence was presented that would support the verdict and requests that the judgment be vacated and a new judgment be entered in its favor. It also requests that costs

Civil No. 03-2307 (JAG)                                           4

and attorney's fees be granted to it. Plaintiff timely opposed the motion. Thermo King filed a Reply.

Thermo King also filed an alternative Motion for New Trial and/or *Remittitur*. (Docket No. 169). It alleges, among other things, that the weight of the evidence does not support the verdict, that improper comments by Plaintiff's counsel during closing remarks were allowed by the Court and that the amount of damages awarded is excessive. Plaintiff timely opposed the motion. Thermo King filed a Reply.

## I.    MOTION FOR JUDGMENT AS A MATTER OF LAW

### STANDARD OF REVIEW

Rule 50 of the Fed.R.Civ.Proc. allows a party during a jury trial to move the Court for entry of judgment as a matter of law. Such a motion may be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue…." Fed.R.Civ.P. 50(a)(1). If the Court denies the motion, then "[n]o later than 28 days after the entry of judgment … the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed.R.Civ.P. 50(b). "[T]he party renewing a motion for judgment

Civil No. 03-2307 (JAG)                                                5

as a matter of law pursuant to Rule 50(b) 'is required to have
moved for judgment as a matter of law at the close of all the
evidence.'" Taber Partners I v. Insurance Co. of North America,
Inc., 917 F.Supp. 112, 115 (D.P.R. 1996) (quoting Keisling v.
SER-Jobs for Progress, Inc., 19 F.3d 755, 758 (1st Cir.1994)).

     It has long been established that whether the evidence
presented at trial is sufficient to permit a court to enter
judgment as a matter of law is solely a question of law to be
determined by the trial court. 9B Wright and Miller, Federal
Practice and Procedure § 2523 (3d ed. 2008). Granting such
motion deprives the party opposing it of a determination by a
jury and, therefore, it is to be granted cautiously and
sparingly. Id. at § 2524. "Even in the best circumstance, the
standards for granting a motion for judgment as a matter of law
are stringent." Rivera Castillo v. Autokey, Inc., 379 F.3d 4
(1st Cir. 2004). "The question is not whether there is literally
no evidence supporting the party against whom the motion is
directed but whether there is evidence upon which the jury might
reasonably find a verdict for that party." Id.

     In reviewing a motion for judgment as a matter of law "the
court must draw all reasonable inferences in favor of the
nonmoving party, and it may not make credibility determinations
or weigh the evidence." Reeves v. Sanderson Plumbing Prods., 530

Civil No. 03-2307 (JAG)                                              6

U.S. 133 (2000). The court "should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." Id. (citations omitted). A motion under Rule 50(b) will not be granted unless "the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." Rivera Castillo, 379 F.3d at 10-11 (citing Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 759-60 (1st Cir. 1994). Pursuant to Fed.R.Civ.P. 50, Thermo King's "motion for judgment cannot be granted unless, as matter of law, [Plaintiff] failed to make a case..." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

### ANALYSIS

In its Renewed Motion for Judgment as a Matter of Law, Thermo King argues that Plaintiff was unable to prove that its proffered reasons for terminating him were pretextual and that the real reason was age. According to Thermo King, there is no evidence that would call into question the legitimacy of the investigation conducted by Consultants and Resources International. (Docket No. 169, ¶ 20). It alleges that the evidence in the record is substantial as to the fact that his

Civil No. 03-2307 (JAG)                                          7

termination was the bi-product of the investigation and that the jury could not reject this. Id. at ¶ 21. It also states that "the various investigation-related explanations for terminating the Plaintiff are much more likely than the completely unsubstantiated age bias asserted by Vélez, particularly in light of the fact that scores of employees that were the same age as Plaintiff or older, were working and continue to work at Thermo King." Id. at ¶ 22. It further argues that it has presented evidence, which has not been refuted, that age was not the reason, or even a motivating factor in Plaintiff's termination. Id. at ¶ 32.

Thermo King posits that Plaintiff's credibility was impeached during trial because he admitted he had received such gifts as a hot plate, cases of beer and bottles of liquor, even though he did not admit so during his deposition, and had stated that he had no access to paint but later said that he was responsible for distributing it to the supervisors. Id. at ¶ 34-36. Finally, Thermo King argues that Plaintiff failed to present any evidence that could counter its statistical evidence and evidence of appreciation of career employees. Id. at ¶ 41.

Plaintiff, on the other hand, argues in his opposition that there is sufficient evidence to sustain the verdict given that it is uncontested that employees who incurred in similar

Civil No. 03-2307 (JAG)                                                    8

activities were not fired. (Docket No. 175, ¶ 4). He also sustains that during the trial Thermo King came up with a new theory of why it terminated him, which further supports the jury finding of pretext as a permissible inference stemming from shifting explanations. Id. at ¶¶ 5-6.

Plaintiff also avers that Joint Exhibit IV, a memorandum written by Steve Soto from Thermo King's Human Resources Department, documents that Victor Quiles expressed he felt pressured to accept he had stolen company property by the investigators because they told him his job depended on it. Based on this, Plaintiff argues that the jury was justified in finding that even though he had lied, either to the investigators or to Thermo King, Victor Quiles had not been terminated, which further supports a finding of disparate treatment. Id. at ¶ 9. He further argues that the evidence supports a finding that Thermo King's acted in willful violation of federal law given the strength of the evidence of disparate treatment and Steve Soto's experience. Id. at 15. Finally, Plaintiff also defends the jury award of compensatory damages and argues that there are plenty of cases in which jurors have awarded similar amounts that were not considered grossly excessive or shocking to the conscience by the First Circuit.

In its reply, Thermo King posits that Plaintiff's failure to admit wrongdoing has been a key distinction between Plaintiff and the other employees since before the litigation began. It avers that this was evidenced by the fact that the warnings given to the other employees indicated they were allowed to keep their jobs precisely because they accepted their faults. (Docket No. 181, ¶ 3). It also avers that it is undisputed that the aggregate of the gifts received by Plaintiff constitutes a clear violation of its company policy and supports a finding that it had a valid non-pretextual reason to terminate him. Id. at ¶ 19.

After a careful and thorough assessment of the evidence presented during trial and the parties' motions, and in strict compliance with the precepts governing the application of Rule 50(b) of the Fed.Civ.Proc., the Court has come to the conclusion that it should not disturb the jury verdict. Contrary to Thermo King's assertions and this Courts independent recollection of the facts, the evidence in this case may not be robust but it is certainly sufficient, as a matter of law, to support the jury's unanimous findings.

Thermo King posits that a judgment as a matter of law is warranted given that there is sufficient evidence to support a finding in its favor. Specifically, it states that "a reasonable jury could not reject the company's abundant evidence that the

termination stemmed, however wisely or unwisely, from the investigation." Id. at ¶ 21. It also lists and describes the alleged abundance of evidence there is to support said finding and asserts that the "various investigation-related explanations… are much more likely that the completely unsubstantiated age bias asserted by Vélez." Id. at 22. Contrary to what Thermo King would have it do, the Court cannot weigh the evidence when ruling upon its motion. Even if it were considered that there is sufficient evidence to support a finding in its favor, the true standard for a Rule 50(b) motion is whether there is sufficient evidence upon which the jury might reasonably find a verdict for the opposing party. Wright and Miller, *supra*, § 2524. This distinction is key, for there may be substantial evidence on both sides, but it is the jury, by weighing the evidence and adjudicating the witnesses credibility, who ultimately decided the issues here. The Court is not free to substitute its own views for those of the jury even if it were to agree with Thermo King's position.

In the case at bar, as Plaintiff correctly argues, there is substantial evidence of disparate treatment to allow the jury to find that discrimination took place. The jury was presented with uncontroverted evidence that employees who were younger than Plaintiff and who also stole company property were not fired,

but were instead given a second chance. This, in combination with the fact that Thermo King gave shifting explanations for terminating Plaintiff is sufficient to infer pretext on Thermo King's part and supports the verdict. Evidently, the jury did not give much weight to the fact that Plaintiff was different from them because he profited from the sale of the property and because he did not accept his wrongdoing. The jury was also justified in deducting mendacity from Thermo King's shifting explanation regarding the termination. In fact, as Plaintiff correctly points out, the joint statement of the case which was read to the jury indicates that he "was terminated because he violated company rules and policies by receiving gifts from company suppliers and for selling company property for his own benefit." (Docket No. 134). Nowhere does it state that he was terminated for failing to accept his wrongdoing, which is Thermo King's latest nondiscriminatory reason for the termination. This, in combination with the strong *prima facie* case was sufficient for the jury to reach its verdict. See <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 511 (1993).

Thermo King's motion also rests on several issues regarding Plaintiff's credibility. Thermo King points out that "Plaintiff's credibility was successfully impeached during trial." (Docket No. 168, ¶ 33). It then proceeds to describe

several instances of alleged impeachment. Id. at ¶¶ 34, 35, 36. However, when ruling upon a motion for judgment as a matter of law, a court "may not make credibility determinations or weigh the evidence." Reeves v. Sandersib Plumbing Prods., 530 U.S. 133 (2000). Therefore, the Court may not entertain these allegations and instead must focus, as stated above, on the sufficiency of the evidence.

Thermo King also argues that the evidence does not support a finding of willful violations of federal law. The Supreme Court has stated that an ADEA violation is willful if "the employer … knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." Trans World Airlines, Inc. v. Thurnston, 469 U.S. 111, 126 (1985). Willfulness requires an element akin to reckless disregard of, or deliberate indifference to, an employee's rights under ADEA. Sanchez v. Puerto Rico Oil Co., 37 F.3d 712 (1st Cir. 1994). In the case at bar, the jury had sufficient evidence to support a finding that Thermo King willfully violated his ADEA right given the strength of his *prima facie* case and the evidence supporting a finding of pretext.

Finally, Thermo King contends that Plaintiff presented only brief and insubstantial testimony as to how he felt after he was terminated and that the award of $200,000 is grossly

Civil No. 03-2307 (JAG)                                        13

disproportionate to the injury established. "[A] party seeking *remittitur* bears a heavy burden of showing that an award is grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand." <u>Monteagudo v. Asociacion de Empleados del Estado Libre Asociado</u>, 554 F.3d 164 (1st Cir. 2009)(citations omitted). The Court finds that the award in this case does not shock the conscience for it is neither exaggeratedly high nor grossly excessive and is similar to other awards that have been upheld by the First Circuit. See Id. at n.12.

Given the above, the Court considers that the jury also had sufficient evidence to support a finding for Plaintiff under Law 80 and Law 100.

## II.  ALTERNATIVE MOTION FOR NEW TRIAL AND/OR REMITTITUR PURSUANT TO RULE 59 OF THE FRCP

### STANDARD OF REVIEW

Rule 59 allows the Court on motion to order a new trial after a jury trial, "for any reasons for which a new trial has heretofore been granted in an action at law in federal court…". Fed.R.Civ.P. 59(a); See also <u>Oriental Financial Group, Inc. v. Federal Insurance Company, Inc.</u>, 598 F. Supp. 2d 199 (D.P.R. 2008).   The motion for a new trial may invoke the discretion

of the Court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law stemming out of the alleged substantial errors in admission or rejection of evidence or instructions to the jury. <u>Montgomery Ward & Co. V, Duncan</u>, 311 U.S. 243, 251 (1940).

The Court may grant a new trial although it has denied the entry of judgment as a matter of law under Fed.R.Civ.P. 50, <u>China Resource Products (U.S.A.) Ltd. v. Fayda Intern., Inc.</u>, 856 F.Supp. 856, 862 (D.Del.1994), or even when substantial evidence supports the jury's verdict, <u>Lama v. Borras</u>, 16 F.3d 473, 477 (1st Cir. 1994). "But this does not mean that the district court should grant a motion for new trial simply because the court would have come to [a] different conclusion." 11 James Wm. Moore, Moore's Federal Practice 3D, 12 § 59.13[2][a] at 59-44 (2003). Instead, a new trial "should only be granted where a 'miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks our conscience.'" <u>Smith v. Delaware Bay Launch Service, Inc.</u>, 842 F.Supp. 770, 778 (D.Del. 1994) (quoting <u>Cudone v. Gehret</u>, 828 F.Supp. 267, 269 (D.Del. 1993)). A trial court "may set aside a jury's verdict

and order a new trial only if the verdict is so clearly against the weight of the evidence as to amount to manifest miscarriage of justice." <u>Rivera Castillo</u>, 379 F.3d at 23 (citing <u>Federico v. Order of Saint Benedict in Rhode Island</u>, 64 F.3d 1, 5 (1st Cir. 1995). Courts are not allowed to substitute their view of the evidence for the verdict reached by the jury. Id. at 24.

**ANALYSIS**

In its Motion for New Trial and/or *Remitittur*, Thermo King argues that the weight of the evidence is clearly contrary to the jury's verdict since it proffered a valid nondiscriminatory reason for treating Plaintiff differently from other employees who stole company property. It also posits that there is substantial evidence to support a finding regarding its non-discriminatory business practices and that there is a complete absence of evidence to support a finding of willful violation of ADEA. It further avers that the Court improperly allowed Plaintiff's counsel to characterize its witnesses' testimony as mendacious. In the alternative, Thermo King requests a *remitittur*.

Thermo King's first argument is that it had a valid non-discriminatory reason for terminating Plaintiff and that it presented the testimony of three individuals who were given a second chance when they accepted their wrongdoing and were

willing to help by telling what they knew. It argues it was entitled to treat those employees preferentially, as is always the case with whistleblowers and cooperators.

Contrary to Thermo King's argument, this does not indisputably weigh in its favor because it may also be reasonably interpreted as another attempt to cover up discriminatory acts. It is clear that Thermo King has proffered different explanations for terminating Plaintiff at different times throughout this litigation. In fact, it argues that Plaintiff was impeached when he stated that he did not know the reasons he was terminated until he filed the suit in this case because the Unemployment Bureau of the Puerto Rico Department of Labor told him he was discharged for not following company rules and policies, receiving gifts and royalties from suppliers and selling company property. (Docket no. 169, ¶ 37). This is unquestionably different from stating that it terminated Plaintiff for not accepting he violated company policy, as Thermo King now argues. Moreover, as discussed above, the Joint Statement of the Case states violation of company policies as the reason for termination, not failure to accept the wrongdoing. Therefore, it is clear that the evidence weighs in favor of a finding of pretext.

Civil No. 03-2307 (JAG)                                           17

Thermo King next argues that it "introduced sufficient, uncontested, unimpeached evidence of its non-discriminatory employment practices to defeat any notion that Plaintiff's termination was age-related." (Docket No. 169). As Thermo King correctly states, this evidence is relevant and assists its attempts to rebut the inferences that grew out of the shifting explanations. See Connecticut v. Teal, 457 U.S. 440 (1982); Woodman v. Haemonetics Corporation, 51 F.3d 1087 (1st Cir. 1987). The Court, however, is not persuaded that this evidence is able to destroy the fatal effect of the evidence relating to shifting explanations and disparate treatment. Even if the statistical and witness evidence represented a relevant and valid attempt to demonstrate that Thermo King generally acts without regarding its employees' age, it failed to have the effect of destroying the inferences created by other evidence in this case.

Thermo King also argues that a new trial is warranted because the weight of the evidence does not support a finding of willful violations of federal law. As stated above, the Supreme Court has said that an ADEA violation is willful if "the employer … knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." Trans World Airlines, Inc. v. Thurnston, *supra*. Willfulness requires an

Civil No. 03-2307 (JAG)                                      18

element akin to reckless disregard of, or deliberate
indifference to, an employee's rights under ADEA. Sanchez v.
Puerto Rico Oil Co., *supra*. The Court again declines to exercise
its discretion and disturb the jury's finding regarding Thermo
King's willful violations of ADEA. It is the Court's view that
the evidence in this case plausibly justifies at the very least
an inferential finding of reckless disregard of Plaintiff's
rights.

        Thermo King further posits that the Court erred in
allowing Plaintiff's counsel's characterization of its
witnesses' testimony as mendacious during closing arguments even
though it objected to them and that, even though it did not
object at the time, Plaintiff's counsel also accused it of
fabricating evidence against Plaintiff and asserted that Victor
Quiles was threatened in order to make him provide false
testimony.

        When a party has timely objected to an attorney's conduct,
the Court must examine "the totality of the circumstances,
including: (1) the nature of the comments; (2) their frequency;
(3) their possible relevance to the real issues before the jury;
(4) the manner in which the parties and the court treated the
comments; (5) the strength of the case; and (6) the verdict
itself. Grandfield v. CSX Transo., Inc., 597 F.3d 474, 490 (1st

Civil No. 03-2307 (JAG)                                        19

Cir. 2010). If the party did not object, the conduct in question is reviewed for plain error and a party must establish that: "(1) an error was committed; (2) the error was 'plain' (i.e. obvious and clear under current law); (3) the error was prejudicial (i.e. affected substantial rights); and (4) review is needed to prevent 'a miscarriage of justice or [if the error has] seriously affected the fairness, integrity or public reputation of the judicial proceedings.'" Id. at 491 (citing Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp., 79 F.3d 182, 189 (1st Cir. 1996)).

    Regarding the characterization of Thermo King's witnesses' testimony as mendacious, an analysis of the totality of the circumstances does not lead the Court to find that a new trial is warranted. Plaintiff's counsel used his opportunity during closing arguments to try to persuade the jury to doubt the credibility of Thermo King's witnesses. This is clearly relevant to the issue before the jury and, even if they may be considered inflammatory, the comments do not deviate from the style employed by attorneys during closing arguments. Furthermore, the final instructions read to the jury included specific instructions regarding the fact that counsel's arguments are not evidence. Specifically, Jury Instruction #8 explained that arguments, statements, questions and objections by lawyers are

Civil No. 03-2307 (JAG)                                          20

not evidence. (Docket No. 159). Also, Jury Instruction #25, which related to the Conduct of Counsel, explicitly states that jurors are the sole judges of the credibility of all the witnesses. Id.

Regarding the other two alleged instances of misconduct by Plaintiff's attorney, the Court finds that no basis for a new trial exists under the prescribed plain error review standard. Again, Plaintiff's conduct was within the normal parameters of attorney conduct and the Court provided the jury specific instructions regarding the fact that counsel's arguments are not evidence. Moreover, Plaintiff's attorney, in stating that Victor Quiles was threatened into providing false testimony, merely tried to persuade the jury to interpret Joint Exhibit IV favorably to him. Said exhibit, as mentioned above, consists of a memorandum written by Steve Soto, from Thermo King's Human resources Department, detailing what Victor Quiles told him during a meeting. The memorandum explicitly says, "[Victor Quiles] says he was threatened." Id.

Given the above, the Court declines to disturb the jury's finding for Plaintiff under Law 80 and Law 100.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Thermo King's Renewed Motion for Judgment as a Matter of Law

Civil No. 03-2307 (JAG)                                              21

(Docket No. 168) and Motion for New Trial and/or *Remittitur*

Pursuant to Rule 59 of the FRCP (Docket No. 169).


        IT IS SO ORDERED.

        In San Juan, Puerto Rico, this 29th of March, 2011.


                                S/ Jay A. García-Gregory
                                JAY A. GARCÍA-GREGORY
                                United States District Judge